IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POINT BLANK SOLUTIONS INC., et al., | ) Bankr. Case No. 10-11255 (PJW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| David H. Brooks, | ) Civ. Action No. 11-00064 (SLR) |
| | ) |
| Appellant, | ) |
| v. | ) |
| | ) |
| Point Blank Solutions Inc., | ) |
| | ) |
| Appellee. | ) |
| | ) |
| | ) |
| Robino Stortini Holdings, LLC, et al., | ) Civ. Action No. 11-00104 (SLR) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| Point Blank Solutions Inc., | ) |
| | ) |
| Appellee. | ) |
| | ) |
| | ) |
| David H. Brooks, | ) Civ. Action No. 11-00391 (SLR) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| Point Blank Solutions Inc., et al., | ) |
| | ) |
| Appellees. | ) |
| | ) |
| Robbins Geller Rudman & Dowd LLP, et al., | ) Civ. Action No. 11-00505 (SLR) |
| | ) |
| Appellants, | ) Bankr. Adv. No. 10-55361 (PJW) |
| | ) |
| v. | ) |
| | ) |
| Point Blank Solutions Inc., | ) |
| | ) |
| Appellee. | ) |

-2-

**APPELLEE POINT BLANK SOLUTIONS INC.'S MOTION FOR APPROVAL OF THIRD STIPULATION TO STAY PENDING BANKRUPTCY COURT LITIGATION, DISTRICT COURT APPEALS AND STATE COURT LITIGATION**

Point Blank Solutions Inc. ("Point Blank"), a debtor and debtor in possession in the above-captioned chapter 11 cases and the appellee in the above-captioned appeals, seeks the Court's approval of a stipulation (the "Third Stipulation") entered into between and among the following parties (collectively, the "Parties"):  Point Blank, on behalf of itself and its affiliated debtors and debtors in possession (collectively, the "Debtors"); the Official Committee of Unsecured Creditors in Debtors' chapter 11 cases (the "Committee"); Robino Stortini Holdings, LLC, NECA-IBEW Pension Fund and George Baciu (collectively, the "Class Plaintiffs"); Robbins Geller Rudman & Dowd LLP, Labaton Sucharow LLP, Law Offices of Thomas G. Amon and Robbins Umeda LLP (collectively, the "Law Firm Defendants"); David H. Brooks ("David Brooks"); Jeffrey R. Brooks Individual Retirement Account (the "Brooks IRA"); and Jeffrey R. Brooks ("Jeffrey Brooks").[1]

## PRELIMINARY STATEMENT

1.      In the Third Stipulation, the Parties agreed to a three-month extension of a stay that was in place through October 14, 2011 of various litigation matters pending in this Court, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and the Supreme Court of the State of New York (the "New York State Court").[2]  The pending

---

[1] A copy of the Third Stipulation is attached hereto as Exhibit A.  Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Third Stipulation.

[2] A motion seeking approval of the Third Stipulation and an extension of the stay of those matters pending before the Bankruptcy Court is being filed concurrently herewith in the Bankruptcy Court.  A similar motion is not being filed in the New York State Court because the Bankruptcy Court motion seeks an extension of a stay of the New York State Court action in place pursuant to the Bankruptcy Court's order [Bankr. Adv. D.I. 21] in the Injunction Adversary Proceeding and the Bankruptcy Court's orders approving the First Stipulation and Second Stipulation.

-2-

litigation matters include four appeals in this Court, seven proofs of claim filed against Point Blank, two adversary proceedings before the Bankruptcy Court, a motion to withdraw the reference of one of the adversary proceedings that has not yet been transmitted from the Bankruptcy Court to this Court and a New York State Court action.

2.      Point Blank previously sought and obtained approval of a stay of the pending lititgation matters from this Court and the Bankruptcy Court to provide the Parties with an opportunity to engage in good faith settlement negotiations without incurring additional litigation expense, and to avoid the issuance of decisions by this Court and the Bankruptcy Court that would become moot if the Parties reach a settlement. Throughout the duration of the stay, the Parties diligently have continued their good faith negotiations to resolve the pending litigation matters.

3.      As a result of their good faith negotiations, the Parties are now very close to reaching an agreement in principle to resolve the pending litigation matters, subject to appropriate settlement documentation and any necessary approvals of the settlement by the Bankruptcy Court, the United States government and the United States District Court for the Eastern District of New York (the "New York District Court"). Due to the number of Parties involved and the complexity of the matters at issue, the Parties agreed in the Third Stipulation that an extension of the stay for approximately three months, through February 1, 2012, is both necessary and appropriate to provide the Parties with sufficient time to prepare the appropriate settlement documentation and to obtain any requisite approvals of the settlement.

4.      Therefore, in the interests of preserving the Parties' and judicial resources, Point Blank respectfully requests that the Court enter an order approving the Third Stipulation,

-3-

extending the stay of the appeals pending before this Court through February 1, 2012 and extending the stay of the motion to withdraw the reference filed in the Bankruptcy Court through February 1, 2012.[3]

## ARGUMENT

5.      As described in detail in the Third Stipulation, the following litigation matters are pending among the Parties in the Bankruptcy Court:

(a)      Point Blank commenced the Turnover Adversary Proceeding against the Law Firm Defendants and David Brooks, among other defendants, seeking turnover of in excess of $35,200,000 and declaratory relief. The Committee has intervened as a plaintiff in the Turnover Adversary Proceeding. *See* Bankr. Adv. D.I. 50, 55, 68. A number of motions are pending in the Turnover Adversary Proceeding, including: a motion to withdraw the reference of the Turnover Adversary Proceeding [Bankr. Adv. D.I. 58, 60] (the "Withdrawal Motion") that has not yet been transmitted to this Court from the Bankruptcy Court; a motion to dismiss filed by the Law Firm Defendants [Bankr. Adv. D.I. 36-37]; and a motion to dismiss filed by David Brooks [Bankr. Adv. D.I. 22-23]. In the event that the Bankruptcy Court denies the pending motions to dismiss, the Parties to the Turnover Adversary Proceeding will commence fact discovery, including document production and depositions. *See Joint Rule 26(f) Conference Report and Proposed Discovery Plan* [Bankr. Adv. D.I. 49].

---

[3] As discussed below, the motion to withdraw the reference was filed in the Bankruptcy Court and, as of the date of this Motion, has not yet been transmitted from the Bankruptcy Court to this Court. Nonetheless, Point Blank requests that this Court enter an order extending the stay of the motion to withdraw the reference out of an abundance of caution, because the motion to withdraw the reference will be subject to determination by this Court if and when it is transmitted by the Bankruptcy Court.

-4-

(b)     Point Blank also commenced the Injunction Adversary Proceeding and filed a Preliminary Injunction Motion against the Brooks IRA and Jeffrey Brooks.  In the Preliminary Injunction Motion, Point Blank requested that the Bankruptcy Court stay and enjoin a State Court Action filed by the Brooks IRA against James R. Henderson, Debtors' Chief Executive Officer and Chairman of Debtors' Board of Directors, in the New York State Court. Pursuant to the Bankruptcy Court's *Order on Plaintiff's Motion for Preliminary Injunction* [Bankr. Adv. D.I. 21], the State Court Action was stayed through August 16, 2011, with additional briefing regarding the Preliminary Injunction Motion to be submitted upon expiration of the stay.

(c)     David Brooks has filed the Brooks Claims against Point Blank, which include a $63,000,000 indemnification claim and $20,000,000 "rejection damages" claims, and the Class Plaintiffs have filed the Class Plaintiffs Claims against Point Blank based on alleged violations of the federal securities laws.  Point Blank has not yet filed its objections to the Brooks Claims or the Class Plaintiffs Claims.

6.     The following appeals also are pending among the Parties in this Court:

(a)     David Brooks and the Class Plaintiffs have filed appeals from the Bankruptcy Court's order [Bankr. D.I. 949] granting *Debtor Point Blank Solutions Inc.'s Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* [Bankr. D.I. 589].

(b)     David Brooks has filed an appeal from the Bankruptcy Court's order [Bankr. D.I. 1259] granting Debtors' motion [Bankr. D.I. 1140] seeking approval of a consent

-5-

agreement between Point Blank and the United States Securities and Exchange Commission and seeking authority to de-register Point Blank as a public company under federal securities laws.

(c)  The Law Firm Defendants have filed a notice of appeal and a motion requesting leave to appeal [Bankr. Adv. D.I. 97, 99-100] from the Bankruptcy Court's order [Bankr. Adv. D.I. 92] in the Turnover Adversary Proceeding denying the Law Firm Defendants' motion for a determination that the Turnover Adversary Proceeding is not a core proceeding [Bankr. Adv. D.I. 38-39].

7.  On June 30, 2011, the Parties entered into the First Stipulation, by which the Parties agreed that the litigation matters pending among the Parties in this Court, the Bankruptcy Court and the New York State Court (the "Pending Litigation") should be stayed through September 12, 2011 to allow the Parties to engage in good faith settlement negotiations without incurring additional litigation expense, and to avoid the issuance of decisions by this Court and the Bankruptcy Court that would become moot if the Parties resolve the Pending Litigation by settlement. On July 1, 2011, Point Blank filed *Appellee Point Blank Solutions Inc.'s Motion for Approval of Stipulation to Stay Pending Bankruptcy Court Litigation, District Court Appeals and State Court Litigation* (the "First Motion for Approval") seeking approval of the First Stipulation from this Court and the Bankruptcy Court. This Court and the Bankruptcy Court entered orders granting the First Motion for Approval on July 7, 2011.

8.  On September 9, 2011, the Parties entered into the Second Stipulation, by which the Parties agreed that the stay of the Pending Litigation should be extended through October 14, 2011 to provide the Parties with sufficient additional time to conclude their settlement negotiations. Also on September 9, 2011, Point Blank filed its *Motion for Approval of Second*

-6-

*Stipulation to Stay Pending Bankruptcy Court Litigation, District Court Appeals and State Court Litigation* (the "Second Motion for Approval") seeking approval of the Second Stipulation from this Court and the Bankruptcy Court. Orders granting the Second Motion for Approval were entered on September 12, September 14 and September 15, 2011.

9.      The Parties diligently have continued their good faith negotiations to resolve the Pending Litigation. The Parties are now very close to reaching an agreement in principle, subject to appropriate settlement documentation (*e.g.*, term sheet, settlement agreement, etc.). Once the settlement of the Pending Litigation is properly documented, Point Blank will seek approval of the settlement from the Bankruptcy Court pursuant to Rule 9019(a) of the Federal Rules of Bankrutpcy Procedure. *See* Fed. R. Bankr. P. 9019(a) ("On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."). The Parties also will seek any necessary approvals from the United States government and New York District Court.

10.     On October 21, 2011, the Parties entered into the Third Stipulation, by which the Parties agreed that the stay of the Pending Litigation should be extended for approximately three months, through February 1, 2012, to provide the Parties with sufficient time to prepare the appropriate settlement documentation and to obtain any necessary approvals of the settlement from the Bankruptcy Court, the United States government and the New York District Court.

11.     The Parties will incur substantial attorneys' fees unless the stay of the Pending Litigation is extended while the Parties prepare the appropriate settlement documentation and obtain any requisite approvals of the settlement. An extension of the stay of the Pending Litigation will, if the settlement is finalized and approved, allow the Parties to avoid potential

-7-

discovery expenses in the Turnover Adversary Proceeding, additional litigation expenses in connection with the Withdrawal Motion, the Preliminary Injunction Motion, the Brooks Claims and the Class Plaintiffs Claims, and the expense of preparing and submitting mediation briefs in each of the appeals pending in this Court.

12.     A further stay of the Pending Litigation also will conserve judicial resources by avoiding the issuance of decisions by this Court and the Bankruptcy Court that would be mooted if the settlement is finalized and approved.  An extension of the stay of the Pending Litigation will, if the settlement is finalized and approved, obviate the need for this Court to rule on the Law Firm Defendants' motion for leave to appeal and the Withdrawal Motion.  A further stay also will obviate the need for the Bankruptcy Court to rule on the two motions to dismiss pending in the Turnover Adversary Proceeding or to issue a further ruling on the Preliminary Injunction Motion.

13.     Thus, the requested three-month extension of the stay of the Pending Litigation will conserve both the Parties' and judicial resources.  Moreover, in light of the number of Parties involved and the varied and complex nature of the Pending Litigation, the requested extension of the stay is both necessary and appropriate to allow the Parties sufficient time to prepare the appropriate settlement documentation and to obtain any requisite approvals from the Bankruptcy Court, the United States government and the New York District Court.

## CONCLUSION

For the reasons set forth herein, Point Blank requests that the Court enter an order approving the Third Stipulation, extending the stay of the Brooks Rejection Appeal, the Class Plaintiffs Rejection Appeal, the Brooks SEC Appeal, the Law Firm Defendants Appeal and the

-8-

Withdrawal Motion in their entirety through February 1, 2012 and granting such other relief as is

just and proper.

Dated:  October 2/, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:   ljones@pszjlaw.com
              akornfeld@pszjlaw.com
              chehn@pszjlaw.com
              tcairns@pszjlaw.com

Counsel for Debtors and Debtors in Possession

-9-

70934-001\DOCS_LA:246492.1